# In the United States Court of Federal Claims

No. 15-581C
Filed: January 19, 2016

ORIGINAL

FILED
JAN 19 2016
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * *  *
                                    *
VICTOR OGUNNIYI,                    *
                                    *
             Plaintiff,             *
                                    *      Pro Se Plaintiff; Motion to
v.                                  *      Reconsider.
                                    *
UNITED STATES,                      *
                                    *
             Defendant.             *
                                    *
* * * * * * * * * * * * * * * * *  *
```

**Victor Ogunniyi**, pro se, Lemon Grove, CA.

**Reta E. Bezak**, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her were **Martin F. Hockey, Jr.**, Assistant Director, **Robert E. Kirschman, Jr.**, Director, Commercial Litigation Branch, and **Benjamin C. Mizer**, Principal Deputy Assistant Attorney General, Civil Division, Washington, D.C. **Stephen Tobin**, Naval Litigation Office, Office of the General Counsel, of counsel.

## ORDER

**HORN, J.**

Following the court's December 10, 2015 Order granting defendant's motion to dismiss pro se plaintiff Victor Ogunniyi's complaint, on December 29, 2015, plaintiff filed a motion to reconsider "for a reversal of ruling."[1] Plaintiff's motion to reconsider alleges that "[r]egardless of the route this court takes in arriving at a conclusion to this case either through the Contract Dispute [sic] Act (CDA) 41 U.S. Code § 7101-7109 or Tucker Act 28 U.S.C. § 1491; this court has Jurisdiction to adjudicate this merited case which has been unduly prolonged due to legalese." Mr. Ogunniyi's motion to reconsider generally repeats his previous filings and submissions to this court and also to the Armed Services Board of Contract Appeals (ASBCA), including tort claims, the same breach of contract allegations against defendant, and the contention that Mr. Ogunniyi was a third party

---

[1] Although plaintiff does not provide a basis to support his entitlement to file a motion to reconsider, the court notes that Rule 59(b) of the Rules of the United States Court of Federal Claims (RCFC) (2015) permits a party to file a motion for reconsideration within 28 days after entry of judgment. The court entered judgment on December 10, 2015, and plaintiff timely filed his motion for reconsideration on December 29, 2015. Accordingly, the court reviews plaintiff's motion in accordance with RCFC 59(b).

beneficiary to a contract between the United States Department of the Navy and Commissioning Solutions Global (CSG), which is the company that plaintiff owns. Plaintiff alleges that this court "has jurisdiction on the case as a fresh new case on Breach of Contract filed by a third party beneficiary (Victor Ogunniyi as Plaintiff)." Plaintiff also alleges that "[t]he doctrine of election could not be applicable because CSG saw the decision of ASBCA 59254 as fatally flawed," and that "CSG and Victor Ogunniyi may be two entities; but they are two same entities like a co-joined [sic] or paternal twins are where the difference in identifying one from the other is only left to finger print. CSG and Victor Ogunniyi are one and the same."

Reconsideration of a judgment is not intended to permit a party to retry its case when it previously was afforded a full and fair opportunity to do so. The United States Court of Appeals for the Federal Circuit has stated that: "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir.), reh'g denied (Fed. Cir. 1990); see also Carter v. United States, 207 Ct. Cl. 316, 318, 518 F.2d 1199, 1199 (1975), cert. denied, 423 U.S. 1076, reh'g denied, 424 U.S. 950 (1976); Osage Tribe of Indians of Okla., 97 Fed. Cl. 345, 348 (2011) (discussing RCFC 59(a) and 60(b)); Oenga v. United States, 97 Fed. Cl. 80, 83 (2011) (discussing RCFC 59(a)); Webster v. United States, 92 Fed. Cl. 321, 324, recons. denied, 93 Fed. Cl. 676 (2010) (discussing RCFC 60(b)); Alpha I, L.P. ex rel. Sands v. United States, 86 Fed. Cl. 126, 129 (2009) (discussing RCFC 54(b) and 59(a)); Banks v. United States, 84 Fed. Cl. 288, 291-92 (2008) (discussing RCFC 54(b) and 59(a)); Corrigan v. United States, 70 Fed. Cl. 665, 667-68 (2006) (discussing RCFC 59(a)); Tritek Techs., Inc. v. United States, 63 Fed. Cl. 740, 752 (2005); Keeton Corr., Inc. v. United States, 60 Fed. Cl. 251, 253 (2004) (discussing RCFC 59(a)); Paalan v. United States, 58 Fed. Cl. 99, 105 (2003), aff'd, 120 F. App'x 817 (Fed. Cir.), cert. denied, 546 U.S. 844 (2005); Citizens Fed. Bank, FSB v. United States, 53 Fed. Cl. 793, 794 (2002) (discussing RCFC 59(a)).

"Motions for reconsideration must be supported 'by a showing of extraordinary circumstances which justify relief.'" Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999)), reh'g en banc denied (Fed. Cir.), cert. denied, 546 U.S. 826 (2005) (discussing RCFC 59(a)); see also Fiskars, Inc. v. Hunt Mfg. Co., 279 F.3d at 1382 ("Rule 60(b)(6) is available only in extraordinary circumstances and only when the basis for relief does not fall within any of the other subsections of Rule 60(b)." (citing Marquip, Inc. v. Fosber America, Inc., 198 F.3d 1363, 1370 (Fed. Cir. 1999), reh'g denied (Fed. Cir. 2000); Provident Sav. Bank v. Popovich, 71 F.3d 696, 700 (7th Cir. 1995)); Oenga v. United States, 97 Fed. Cl. at 83; Seldovia Native Ass'n Inc. v. United States, 36 Fed. Cl. 593, 594 (1996), aff'd, 144 F.3d 769 (Fed. Cir. 1998) (discussing RCFC 59(a)). Generally, "[t]he cases seem to make [a] fault/no fault distinction the controlling factor in determining whether extraordinary circumstances will be found or not. In a vast majority of cases finding that extraordinary circumstances do exist so as to justify relief, the movant is completely without fault...." 12 Joseph T. McLaughlin and Thomas D. Rowe, Jr., Moore's Federal Practice § 60.48[3][b] (3rd ed.2008) (discussing RCFC 60(b)(6)); see also Amado v. Microsoft Corp., 517 F.3d at 1363 (citing Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 393 (1993)) (discussing RCFC 60(b)(6)).

2

Courts must address reconsideration motions with "exceptional care." Carter v. United States, 207 Ct. Cl. at 318, 518 F.2d at 1199; see also Global Computer Enters. v. United States, 88 Fed. Cl. 466, 468 (2009) (discussing RCFC 59(a)). "The three primary grounds that justify reconsideration are: '(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.'" Delaware Valley Floral Group, Inc. v. Shaw Rose Nets, LLC, 597 F.3d 1374, 1383 (Fed. Cir. 2010); see also Griffin v. United States, 96 Fed. Cl. 1, 7 (2010), mot. to amend denied, appeal dismissed, 454 F. App'x 899 (Fed. Cir. 2011) (discussing RCFC 59(a)); Totolo/King Joint Venture v. United States, 89 Fed. Cl. 442, 444 (2009) (quoting Stockton E. Water Dist. v. United States, 76 Fed. Cl. 497, 499 (2007), aff'd in part, vacated in part, rev'd in part on other grounds, 583 F.3d 1344 (2009) (citation omitted) (discussing RCFC 59(a))) appeal dismissed, 431 F. App'x 895 (Fed. Cir.), reh'g denied (2011) (discussing RCFC 59(a)); Dairyland Power Coop. v. United States, 90 Fed. Cl. 615, 652 (2009), recons. denied, No. 04-106C, 2010 WL 637793 (Fed. Cl. Feb. 22, 2010), aff'd in part, vacated in part on other grounds, 2011 WL 2519519 (Fed. Cir. June 24, 2011) (discussing RCFC 59(a)); Matthews v. United States, 73 Fed. Cl. 524, 526 (2006) (citations omitted) (discussing RCFC 59); Prati v. United States, 82 Fed. Cl. at 376 (discussing RCFC 59(a)); Tritek Techs., Inc. v. United States, 63 Fed. Cl. at 752; Bannum, Inc. v. United States, 59 Fed. Cl. 241, 243 (2003) (discussing RCFC 59(a)); Citizens Fed. Bank, FSB v. United States, 53 Fed. Cl. at 794; Strickland v. United States, 36 Fed. Cl. 651, 657, recons. denied (1996) (discussing RCFC 59(a)); Bishop v. United States, 26 Cl. Ct. 281, 286, recons. denied (1992) (discussing RUSCC 59). "Manifest," as in "manifest injustice," is defined as "clearly apparent or obvious." Ammex, Inc. v. United States, 52 Fed. Cl. 555, 557 (2002), aff'd, 384 F.3d 1368 (Fed. Cir. 2004), cert. denied, 544 U.S. 948 (2005) (discussing RCFC 59). "Where a party seeks reconsideration on the ground of manifest injustice, it cannot prevail unless it demonstrates that any injustice is 'apparent to the point of being almost indisputable.'" Griffin v. United States, 96 Fed. Cl. at 7 (quoting Pac. Gas & Elec. Co. v. United States, 74 Fed. Cl. 779, 785 (2006), aff'd in part, rev'd in part on other grounds, 536 F.3d 1282 (Fed. Cir. 2008)). "A court, therefore, will not grant a motion for reconsideration if the movant 'merely reasserts...arguments previously made...all of which were carefully considered by the court.'" Ammex, Inc. v. United States, 52 Fed. Cl. at 557 (quoting Principal Mut. Life Ins. Co. v. United States, 29 Fed. Cl. 157, 164 (1993), aff'd, 50 F.3d 1021 (Fed. Cir.), reh'g denied, en banc suggestion declined (Fed. Cir. 1995)) (emphasis in original); see also Griffin v. United States, 96 Fed. Cl. at 7; Bowling v. United States, 93 Fed. Cl. 551, 562, recons. denied (2010) (discussing RCFC 59(a) and 60(b)); Webster v. United States, 92 Fed. Cl. at 324 (discussing RCFC 59(a) and 60(b)); Pinckney v. United States, 90 Fed. Cl. 550, 555 (2009); Tritek Techs., Inc. v. United States, 63 Fed. Cl. at 752.

In sum, it is logical and well established that, "'[t]he litigation process rests on the assumption that both parties present their case once, to their best advantage;' a motion for reconsideration thus should not be based on evidence that was readily available at the time the motion was heard." Seldovia Native Ass'n Inc. v. United States, 36 Fed. Cl. at 594 (quoting Aerolease Long Beach v. United States, 31 Fed. Cl. 342, 376, aff'd, 39 F.3d 1198 (Fed. Cir. 1994) (table)). "Post-opinion motions to reconsider are not favored, especially 'where a party has had a fair opportunity to...litigate the point in issue.'" Aerolease Long Beach v. United States, 31 Fed. Cl. at 376 (quoting Prestex, Inc. v. United

States, 4 Cl. Ct. 317, 318, aff'd, 746 F.2d 1489 (Fed. Cir. 1984) (citing Gen. Elec. Co. v. United States, 189 Ct. Cl. 116, 117-18, 416 F.2d 1320, 1321 (1969))) (omission in original; other citation omitted).

Mr. Ogunniyi's motion to reconsider does not raise any new issues, but, instead, plaintiff repeats the arguments submitted to the court in his previous filings. Regarding Mr. Ogunniyi's allegation that he is the proper party plaintiff because he and CSG are "one in the same," in its December 10, 2015 Order, this court explained that:

> RCFC 83.1(a)(3) provides that an "individual who is not an attorney may represent oneself or a member of one's immediate family, but may not represent a corporation, an entity, or any other person in any other proceeding before this court." RCFC 83.1(a)(3) (2015). In his complaint, plaintiff describes "Commissioning Solutions Global LLC" as "a small engineering and technical services company." Defendant argues that "to the extent that Mr. Ogunniyi does seek to represent CSG, this Court's rules do not permit him to do so." The parties do not dispute that plaintiff is trying to pursue his case in this court pro se or that CSG is a corporate entity. In accordance with RCFC 83.1(a)(3), plaintiff cannot represent the interests of CSG before this court because he is not an attorney admitted to the bar of this court. In his complaint and his subsequent submissions to the court, plaintiff confuses and conflates himself and his company, CSG. Plaintiff goes so far as to assert that "Victor Ogunniyi and Commissioning Solutions Global/CSG are one in the same." Plaintiff and CSG, however, are separate under the law, and plaintiff cannot cloak himself as CSG in order to assert a claim for damages against the United States. The court also notes that in plaintiff's prior appeals to the ASBCA and the Federal Circuit, CSG was the named plaintiff. See Commissioning Solutions Global, LLC, A.S.B.C.A. No. 59254, 14-1 B.C.A. ¶ 35,695, 2014 WL 4073074. To the extent that Mr. Ogunniyi's complaint is a veiled attempt to allow him to argue on behalf of CSG and seek essentially a second appeal or review of the contracting officer's decision against CSG, under RCFC 83.1(a)(3), absent a notice of appearance filed by an attorney admitted to this court, plaintiff's complaint must be dismissed. Since no such notice of appearance has been filed, this court cannot proceed to adjudicate plaintiff's case, which is in fact a claim for an alleged violation of the contract with CSG.

Ogunniyi v. United States, 2014 WL 8540486, at *3 (Fed. Cl. Dec. 10, 2015). Notwithstanding plaintiff's argument that "CSG was finding it difficult to secure the services of any attorney on admittance to the bar of the court, either on Pro-bono or Contingency Basis," the rules of this court do not allow an individual who is not admitted to the bar of this court to represent a corporation, entity, or person other than himself. The court also explained that:

> As stated in the Tucker Act, 28 U.S.C. § 1491(a)(1), privity of contract between a plaintiff and the United States government is required to bring a cause of action in the United States Court of Federal Claims for express

4

and implied contracts. See Cienega Gardens v. United States, 194 F.3d 1231, 1239 (Fed. Cir. 1998) ("Under the Tucker Act, the Court of Federal Claims has jurisdiction over claims based on 'any express or implied contract with the United States.' 28 U.S.C. § 1491(a)(1) (1994). We have stated that '[t]o maintain a cause of action pursuant to the Tucker Act that is based on a contract, the contract must be between the plaintiff and the government.' Ransom v. United States, 900 F.2d 242, 244 (Fed. Cir. 1990)."), cert. denied, 528 U.S. 820 (1999); see also Estes Exp. Lines v. United States. 739 F.3d 689, 693 (Fed. Cir. 2014); Flexfab, L.L.C. v. United States, 424 F.3d 1254, 1265 (Fed. Cir. 2005) (The "government consents to be sued only by those with whom it has privity of contract."); S. Cal. Fed. Sav. & Loan Ass'n v. United States, 422 F.3d 1319, 1328 (Fed. Cir.) ("A plaintiff must be in privity with the United States to have standing to sue the sovereign on a contract claim," but noting exceptions to this general rule (citing Anderson v. United States, 344 F.3d 1343, 1352 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2003))); United States v. Algoma Lumber Co., 305 U.S. 415, 421 (1939))), reh'g and reh'g en banc denied (Fed. Cir. 2005), cert. denied, 548 U.S. 904 (2006); Erickson Air Crane Co. of Wash. v. United States, 731 F.2d 810, 813 (Fed. Cir. 1984) ("The government consents to be sued only by those with whom it has privity of contract.").[2]

Although plaintiff argues that there is an express and implied contract between himself and defendant, plaintiff's allegations rest on his idea that he and CSG, as he states, are "one in the same," a theory that is not viable in this court. The parties do not dispute that there is a contract between the United States and CSG, however, as previously noted, CSG is not a plaintiff in the above captioned case and Mr. Ogunniyi is prohibited from representing CSG under RCFC 83.1(a)(3). In entering into Contract No. N55236-13-D-0001 for hydraulic/lube oil flush services, privity of contract was created between CSG and the United States, not between Mr. Ogunniyi and the United States, regardless of his role in the company. Accordingly, without privity of contract, plaintiff's complaint must be dismissed unless plaintiff can demonstrate that he is a third party beneficiary of the contract.

---

[2] As stated in this court's August 21, 2015 Order, in order for this court to have jurisdiction under the Tucker Act, the party seeking relief must be in privity of contract with the government. See Winter v. FloorPro, Inc., 570 F.3d 1367, 1372 (Fed. Cir. 2009). A party lacking privity with the United States may be able to sue the federal government, however, if it can demonstrate that it is an intended third-party beneficiary of a contract with the United States. See Sioux Honey Ass'n v. Hartford Fire Ins. Co., 672 F.3d 1041, 1056 (Fed. Cir.), cert. denied, 133 S. Ct. 126 (2012).

Ogunniyi v. United States, 2014 WL 8540486, at *5. The court went on to conclude that plaintiff was not a third party beneficiary to the contract because plaintiff "failed to establish that there is any language in the contract that reflects an intention to benefit Mr. Ogunniyi directly. The parties' submissions demonstrate that the contract was entered into so that CSG would provide the services agreed to under the contract." Ogunniyi v. United States, 2014 WL 8540486, at *6.

To the extent that plaintiff attempts to reassert his tort claims in the motion to reconsider, the court explained in its prior Order that

> because this court does not possess jurisdiction over claims that sound in tort. See 28 U.S.C. § 1491(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343; Alves v. United States, 133 F.3d 1454, 1459 (Fed. Cir. 1998); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir.), reh'g denied (Fed. Cir. 1997); Golden Pac. Bancorp v. United States, 15 F.3d 1066, 1070 n.8 (Fed. Cir.), reh'g denied, en banc suggestion declined (Fed. Cir.), cert. denied, 513 U.S. 961 (1994); Hampel v. United States, 97 Fed. Cl. at 238; Woodson v. United States, 89 Fed. Cl. 640, 650 (2009); McCullough v. United States, 76 Fed. Cl. 1, 3 (2006), reh'g denied (Fed. Cir.) cert. denied, 552 U.S. 1050 (2007) ; Agee v. United States, 72 Fed. Cl. 284, 290 (2006); Zhengxing v. United States, 71 Fed. Cl. 732, 739, aff'd, 204 F. App'x 885 (Fed. Cir.), reh'g denied (Fed. Cir. 2006).

Ogunniyi v. United States, 2014 WL 8540486, at *6.

In his motion to reconsider, Mr. Ogunniyi attempts to retry the same arguments that were thoroughly briefed by both parties, considered, and addressed in this court's December 10, 2015 Order. As such, Mr. Ogunniyi has not demonstrated extraordinary circumstances which justify relief or provide any other adequate basis to reconsider this court's earlier Order dismissing plaintiff's breach of contract and tort claims for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED**.

MARIAN BLANK HORN
Judge